IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| STACY BRADSHAW KOLENDA, as Heir of LYLE BRADSHAW, Deceased,<br>*Plaintiff*,<br><br>v.<br><br>PENNYMAC LOAN SERVICES, LLC, by and through its Mortgage Servicer, PENNYMAC LOAN SERVICES, LLC<br>*Defendant*. | §<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 5:22-cv-467<br>§<br>§<br>§<br>§<br>§<br>§ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant PennyMac Loan Services, LLC ("Defendant") removes this action from the 225th Judicial District Court for Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, as follows:

### I.   STATE COURT ACTION

1.   On May 2, 2022, Plaintiff Stacy Bradshaw Kolenda, as Heir of Lyle Bradshaw, Deceased ("Plaintiff") filed her Plaintiff's Application for Temporary Restraining Order and Supporting Affidavit (the "Petition") in the 225th Judicial District Court for Bexar County, Texas, in an action styled *Stacy Bradshaw Kolenda, as Heir of Lyle Bradshaw, Deceased v. PennyMac Loan Services, LLC by and through its Mortgage Servicer, PennyMac Loan Services, LLC,* Cause No. 2022CI08129 (the "State Court Action").

2.   In the State Court Action, Plaintiff seeks injunctive relief to enjoin a sale of real property located at 13111 Dakota Forest, San Antonio, Texas 78254 (the "Property"). *See* Petition at 2–4. Plaintiff contends that she inherited the Property from her father, Lyle Bradshaw, who died

on November 1, 2019.  *See* Petition at 2.  Plaintiff alleges that Pennymac has not made a good-faith effort to allow her to refinance or reinstate the loan and failed to give her notice of the May 3, 2022 foreclosure sale.  *See* Petition at 2–3.  Plaintiff obtained an *ex parte* temporary restraining order enjoining the May 3, 2022 foreclosure sale.

3. Defendant removes the State Court Action to this Court on the basis of diversity jurisdiction.

## II.   PROCEDURAL REQUIREMENTS

4. This action is properly removed to this Court, as the lawsuit is pending within the district and division.  *See* 28 U.S.C. § 1441; 28 U.S.C. § 124(d)(4).

5. Defendant has not been properly served with a citation and copy of the Petition in this matter.  This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b).

6. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a true and correct copy of the Petition in the State Court Action.  Defendant will supplement the state court file with any additional process, pleadings, and orders promptly upon receipt of the same.

7. Pursuant to 28 U.S.C. § 1446(d), Defendant is simultaneously with the filing of this Notice of Removal (1) serving Plaintiff with a copy of the Notice of Removal, and (2) filing a copy of the Notice of Removal in the 225th Judicial District Court for Bexar County, Texas.  A copy of the Notice of Removal filed in the State Court Action is attached hereto as **Exhibit B**.[1]

8. The United States District Court for the Western District of Texas, San Antonio Division has original jurisdiction over this action based on diversity jurisdiction because Defendant is now, and was at the time this action commenced, diverse in citizenship from Plaintiff,

---

[1] Defendant has not included Exhibit 1 to the state court removal notice in Exhibit B because Exhibit 1 is a copy of the notice of removal filed in this Court.

and the amount in controversy exceeds the minimum jurisdictional amount. *See* 28 U.S.C. § 1332(a).

### III. DIVERSITY JURISDICTION

9. The Court has diversity jurisdiction in this matter. Where there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, an action may be removed to federal court. *See* 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiff is not a citizen of the same state as Defendant. Additionally, this action involves an amount in controversy that exceeds $75,000, exclusive of interest and costs.

**A.   THERE IS COMPLETE DIVERSITY AMONG THE PARTIES**

10. Plaintiff is a natural person, so his citizenship for diversity purposes is determined by "where [he] is domiciled, that is, where [he] has a fixed residence with the intent to remain there indefinitely." *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, at *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)). Plaintiff is domiciled in Bexar County, Texas. *See* Petition at 1. Therefore, Plaintiff is a citizen of Texas for diversity purposes.

11. Defendant PennyMac Loan Services, LLC is a Delaware limited liability company. Thus, its citizenship for diversity purposes is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008). Defendant is wholly owned by its sole member Private National Mortgage Acceptance Company, LLC ("PNMAC"). PNMAC is a Delaware limited liability company owned by its two members (1) PennyMac Financial Services, Inc., a publicly held Delaware corporation with a principal place of business located in Westlake Village, California, and (2) PNMAC Holdings, Inc., a Delaware Corporation with its

principal place of business located in Westlake Village, California. Thus, Defendant is a citizen of Delaware and California.

12. Because Plaintiff is a citizen of Texas and Defendant is a citizen of Delaware and California, complete diversity exists. *See* 28 U.S.C. § 1332(c)(1).

## B. AMOUNT IN CONTROVERSY

13. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675–76 (5th Cir. 2003). A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000, exclusive of interest and costs. *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

14. The Court may consider actual damages, exemplary damages, and attorney fees in determining the amount in controversy. *See White*, 319 F.3d at 675-76; *St. Paul Reins. Co.*, 134 F.3d at 1253 n.7.

15. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341(5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *Martinez v. BAC Home Loans Servicing*, 777 F. Supp. 2d. 1039, 1044 (W.D. Tex. 2010). Specifically, the *Farkas* Court held that: "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount

in controversy." *Id.* (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)). Thus, "'[w]hen . . . a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'" *Nationstar Mortg. LLC v. Knox*, No. 08-60887, 351 F. App'x 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *see also Alsobrook v. GMAC Mortg., LLC*, 541 F. App'x 340, No. 12-10623, 2013 WL 3929935, at *2 n.2 (5th Cir. July 31, 2013); *Copeland v. U.S. Bank Nat'l Ass'n*, No. 11-51206, 485 F. App'x 8, 9 (5th Cir. 2012) (relying on the value of the property to satisfy the amount in controversy in exercising diversity jurisdiction over appeal of foreclosure-related claims). Where a plaintiff files suit specifically seeking to enjoin the foreclosure of real property, the amount in controversy is the "current appraised fair market value of the [p]roperty" itself because "absent judicial relief [the plaintiff] could be divested of all right, title and interest to the property." *Berry*, 2009 WL 2868224 at *3..

16. Based on a review of the Petition and the evidence presented, the amount at issue also exceeds $75,000, exclusive of interest and costs, because Plaintiff seeks injunctive relief to preclude the foreclosure sale of the Property, thereby resulting in the entire value of the Property being squarely at issue. *See Bardwell v. BAC Home Loans Servicing, LP*, No. 3:11-CV-1002-B, 2011 WL 4346328, at *2 (N.D. Tex. Sept. 16, 2011) (finding value of the property at issue was an appropriate measure of the amount in controversy where the plaintiff sought to preclude the defendants from exercising their rights in the property); *see also Nationstar Mortg. LLC*, 351 F. App. at 848; *Martinez*, 777 F. Supp. 2d. at 1047; *Waller*, 296 F.2d at 547-48; *Alsobrook v. GMAC*

*Mortg., L.L.C.*, 541 F. App. 340, 342 (5th Cir. 2013).  According to the Bexar County Appraisal District, the market value of the Property is $329,030.  *See* **Exhibit C**.[2]

17. In addition, Plaintiff asserts a cause of action for breach of contract.  *See* Petition at 4-5.  Plaintiff does not specifically plead for actual damages or award of attorney's fees, but presumably Plaintiff will seek such amounts at trial.

18. Although Defendant vehemently denies that Plaintiff is entitled to any damages, injunctive or other relief, once the amount of damage sought by Plaintiff is included in the amount in controversy calculus, it is clear that the amount in controversy exceeds $75,000, exclusive of interest and costs.

19. Because there is complete diversity among the parties and because the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Therefore, removal is proper.

## IV.   PRAYER

WHEREFORE, Defendant removes this action from the 225th Judicial District Court for Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, so that this Court may assume jurisdiction over the cause as provided by law.

---

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant respectfully requests that the Court take judicial notice of the Bexar County Appraisal District tax record for the Property.

Respectfully submitted,

_[signature]_

**B. David L. Foster**
Texas Bar No. 24031555
**Daniel Durell**
Texas Bar No. 24078450
600 Congress Ave., Suite 2200
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 (Facsimile)
dfoster@lockelord.com
daniel.durell@lockelord.com

**Thomas G. Yoxall**
Texas Bar No. 00785304
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000
(214) 740-8800 (Facsimile)
tyoxall@lockelord.com

**ATTORNEYS FOR DEFENDANT PENNYMAC LOAN SERVICES, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served as indicated on this 12th day of May, 2022, to the following:

**VIA EMAIL AND FIRST CLASS MAIL**
John E. Serna
3010 Hillcrest Dr.
San Antonio, Texas 78201
Email: johneserna01@yahoo.com
*Attorney for Plaintiff*

_[signature]_

Daniel Durell