IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| STACY BRADSHAW KOLENDA, as Heir of LYLE BRADSHAW, Deceased, § § § | |
| *Plaintiff*, § § | |
| VS. § | CIVIL ACTION NO. SA-22-CV-467-FB |
| § | |
| PENNYMAC LOAN SERVICES, LLC, by and through its Mortgage Servicer, PENNYMAC LOAN SERVICES, LLC § § § § | |
| *Defendant.* § | |

## **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant PennyMac Loan Services, LLC's Motion to Dismiss filed on May 25, 2021 (docket #4), pursuant to FED. R. CIV. P. 12(b)(6). To date, the electronic case filing system for this case reflects that no response or opposition to the motion has been filed.[1]

As set forth in the motion, this is a foreclosure-prevention lawsuit filed by the Plaintiff in her capacity as an alleged heir of Lyle Bradshaw, Plaintiff's father. Plaintiff asserts she inherited the property in issue after her father passed away on November 1, 2019. Although Plaintiff does not dispute that the loan secured by the property is in default, she contends that "'to the best of her knowledge,' she did not receive from PennyMac 'statutory notice' of a scheduled May 3, 2022

---

[1] Western District of Texas Local Rule CV-7(d)(2) provides:

A response to a discovery or case management motion shall be filed not later than 7 days after the filing of the motion. A response to other motions shall be filed not later than 14 days after the filing of the motion, except as provided by Rule CV-15. If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed.

However, it is not proper for this Court to grant a motion to dismiss solely based on a party's failure to respond. *Webb v. Morella*, No. 11-30175, 2012 WL 45411 at *2 n.4 (5th Cir. Jan. 9, 2012); *see Luera v. Kleberg Cnty.*, 460 F. App'x 447, 449 (5th Cir. 2012) (Fifth Circuit Court of Appeals has "approached the automatic grant of a dispositive motion . . . based solely on a litigant's failure to respond, with considerable aversion; and [has] permitted such dismissal only when there is a record of extreme delay or contumacious conduct.").

foreclosure sale of the Property, an acceleration notice, or a notice of the right to cure the delinquency with respect to Mr. Bradshaw's loan." Motion to Dismiss, docket #3 at pages 1-2. She contends further that "PennyMac has not 'bothered to contact Plaintiff in an attempt to work out a solution to this problem.'" *Id*. at page 2. Defendant maintains that Plaintiff failed to offer any explanation as to how it would have known to contact her and has failed to provide any "details as to whether any probate proceedings or determinations of heirship have occurred.." *Id.*

In it's motion to dismiss, Defendant sets forth four independent reasons in support of its request for dismissal. Defendant maintains that (1) the Plaintiff lacks capacity to assert her breach of contract claims; (2) Texas law does not impose an implied duty of good faith in a mortgagor-mortgagee relationship; (3) Plaintiff did not suffer injury because she prevented the foreclosure by obtaining an *ex parte* temporary restraining order; and (4) Plaintiff is not entitled to any pre-foreclosures notices because she is not a borrower under the loan. Therefore, Defendant asks the Court to dismiss the complaint in its entirety under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The standard of review for dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), as explained in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), provides:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.   Rule 8 marks a

notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

(Quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955; citations omitted). The movant carries the burden of proof for dismissal under rule 12(b)(6). *Burrell v. University of Tex, Med. Branch*, No. H-09-3932, 2010 WL 1640939 at *2 (S.D. Tex. Apr. 21, 2010).

The Court has reviewed the plaintiff's pleadings in light of the foregoing standard as well as defendant's motion and exhibits and the arguments and authorities presented therein. Based on the arguments and authorities presented and a review of the record in this case, the Court finds the motion has merit and should be granted.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (docket #4) filed pursuant to FED. R. CIV. P. 12(b)(6) is GRANTED such that all claims asserted in this cause of action and this case are DISMISSED WITH PREJUDICE. Motions pending, if any, are also DISMISSED, and this case is now CLOSED.

It is so ORDERED.

SIGNED this 30th day of June, 2022.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE